Filed 6/6/22 P. v. Tuiono CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E071886 |
| v. | (Super.Ct.No. RIF1800197) |
| SAMUEL TUIONO, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed in part; reversed in part; and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, A. Natasha Cortina, Amanda E. Casillas, Arlene A. Sevidal and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Samuel Tuiono of attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a), count 1) and robbery (Pen. Code, § 211, count 2), and found true the firearm use enhancement attached to both offenses. (§§ 12022.53(d),[2] 1192.7, subd. (c)(8).) The trial court sentenced him to a total term of 32 years to life in state prison, including 25 years to life for the firearm use enhancement.[3]

Defendant appealed, arguing remand was necessary (1) to permit the court to exercise its authority—under section 12022.53(h)—to strike the 25-year enhancement under section 12022.53(d), and impose a lesser uncharged enhancement under either section 12022.53(b) or section 12022.53(c), and (2) to give defendant the opportunity to request a hearing on his ability to pay the various fines and fees imposed. Defendant further argued there was a sentencing error in the abstract of judgment.

On March 25, 2020, we filed a nonpublished opinion rejecting his arguments and affirming the judgment. The California Supreme Court granted review of our opinion; issued *People v. Tirado* (2022) 12 Cal.5th 688, 692 (*Tirado*), which held that "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead";

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] For clarity, we will omit "subdivision" when citing to section 12022.53, i.e., section 12022.53(d), 12022.53(h), etc.

[3] Defendant's sentence was as follows: count 1 (attempted murder), seven years, plus a consecutive 25-year-to-life term for the gun use enhancement; count 2 (robbery), five years, plus a consecutive 25-year-to-life term for the gun use enhancement, with the total term on count 2 stayed. (§ 654.)

vacated the March 25, 2020 opinion; and transferred this case back to us for reconsideration in light of *Tirado*.

Following remand, the parties filed supplemental briefing. Defendant contends, and the People concede, remand for a new sentencing hearing is necessary so the trial court may consider whether to impose a lesser uncharged enhancement under section 12022.53. (*Tirado*, *supra*, 12 Cal.5th at p. 692.) Defendant also contends, and the People again concede, that the matter must be remanded for resentencing (1) consistent with Assembly Bills No. 124 and 518 (2021-2022 Reg. Sess.), and Senate Bill No. 567 (2021-2022 Reg. Sess.); and (2) to strike the various fees eliminated by the passage of Assembly Bills No. 1869 (2019-2020 Reg. Sess.) and 177 (2021-2022 Reg. Sess.). We agree and remand the matter to the trial court for resentencing. The judgment of conviction is otherwise affirmed.

## I. PROCEDURAL BACKGROUND AND FACTS

Defendant (born in Dec. 2000) responded to the victim's online offer to sell a backpack, agreeing to meet at a Riverside restaurant. On October 19, 2017, the victim, his wife, and son arrived at the restaurant. While his family waited in the car, the victim brought the backpack into the restaurant, where he saw two young men (later identified as defendant and B.H.). The victim approached the young men and defendant suggested they go outside. Once outside, defendant pointed a gun at the victim's face and said, "'Look, Cuz, it's a stick-up.'" Defendant and B.H. began walking away with the victim's backpack, without paying for it; however, the victim followed. When the victim got close to defendant, he fired his gun, shooting the victim in the thigh.

3

## II. DISCUSSION

### A. *Remand of the Firearm Enhancement Sentence Is Warranted.*

Section 12022.53 creates three firearm enhancements: (1) a 25-year enhancement for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] great bodily injury" (§ 12022.53(d)); (2) a 20-year enhancement for "personally and intentionally discharg[ing] a firearm" (but without proximately causing great bodily injury) (§ 12022.53(c)); and (3) a 10-year enhancement for "personally us[ing] a firearm" (§ 12022.53(b)). The trial court is vested with the discretion to "strike or dismiss an enhancement" it was "otherwise required to . . . impose[]" "in the interest of justice pursuant to Section 1385" (§ 12022.53(h)), and to impose any enhancement so long as "the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact" (§ 12022.53, subd. (j)).

In *Tirado*, our Supreme Court held that a trial court that "determines that the section 12202.53(d) enhancement should be struck or dismissed under section 12022.53(h) . . . may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)," "even if the lesser enhancements were not specifically charged . . . or found true by the jury." (*Tirado, supra*, 12 Cal.5th at pp. 696, 698.) Here, the trial court rejected defendant's request to exercise its discretion to strike or dismiss his firearm enhancement under section 12022.53(d). Indeed, the court remarked that section 12022.53(h) gives it the discretion to do so—either strike or dismiss the enhancement—however, the court found that "it is not in the interest of justice to strike

4

the allegation." The People acknowledge that the court was unaware of its discretion to dismiss the section 12022.53(d) enhancement, and replace it with an uncharged lesser included enhancement under section 12022.53(b) or 12022.53(c). (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [A court that is unaware of the scope of its discretion cannot exercise its discretion.].) They further concur that the appropriate remedy is to remand "to give the sentencing court an opportunity to consider whether to impose a lesser included firearm enhancement under section 12022.53." We agree that remand is required. (*Tirado*, at p. 702.)

B.     *Newly Enacted Sentencing Laws Apply on Remand.*

While defendant's appeal was pending, the Governor signed Assembly Bills No. 124 and 518, and Senate Bill No. 567 into law, effective January 1, 2022. Among other things, Assembly Bill No. 124 establishes a presumption that the trial court will impose the lower term under specified circumstances, including, as relevant here, when a defendant was under 26 years of age at the time of the offense and that was a contributing factor in the commission of the offense. (§ 1170, subd. (b)(6)(B), added by Stats. 2021, ch. 695, § 5.) Senate Bill No. 567, among other things, generally limits the trial court's ability to impose the upper term unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or by the court in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) Assembly Bill No. 518, provides the trial court with the discretion to choose which sentence to impose when a defendant has been convicted under two different Penal Code provisions for the same act. (§ 654, subd. (a); see Stats. 2021, ch. 441, § 1.)

5

The parties agree the trial court is required to apply all newly enacted sentencing laws on remand. We concur.

C. *Discrepancies Between the Abstract of Judgment and Oral Pronouncement of Sentence.*

In their original briefing, defendant contended, and the People agreed, the abstract of judgment requires correction because it does not reflect the trial court's oral pronouncement with respect to certain fines and fees. As the matter is being remanded for resentencing, we conclude this issue is moot.

D. *Imposition of Fines, Fees, and Assessments.*

In his original briefing, defendant asserted that under the reasoning in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, the imposition of a $60 conviction assessment/court facility fee (Gov. Code, § 70373), an $80 court operations assessment/fee (Pen. Code, § 1465.8), and a $300 restitution fine (Pen. Code, § 1202.4) without a determination of ability to pay violated his rights under the due process, equal protection, and excessive fines clauses of the federal and California constitutions. Since the matter is being remanded to the trial court for resentencing, defendant may request an ability to pay hearing on his various fines and fees.

In supplemental briefing, the parties agree that the $514.58 booking fee (former Gov. Code, § 29550) and $1,500 presentence incarceration cost fee (former Pen. Code, § 1203.1c) must be vacated because the passage of Assembly Bills No. 1869 and 177 eliminated them.

6

Effective July 1, 2021, Assembly Bill No. 1869 eliminated a trial court's authority to impose a booking fee pursuant to former Government Code section 29550, as well as the ability to collect unpaid balances on amounts previously imposed. (Gov. Code, § 6111, subd. (a); Stats. 2020, ch. 92, §§ 2, 11, effective Sept. 18, 2020, operative July 1, 2021.) Also, under Penal Code section 1465.9, the unpaid balance of the $1,500 presentence incarceration costs imposed under former Penal Code section 1203.1c is "unenforceable and uncollectible," and the portion of the judgment imposing this fee must be vacated. (Pen. Code, § 1465.9, subd. (b); Stats 2020, ch. 92, § 62, eff. Sept. 18, 2020, operative July 1, 2021, amended by Stats. 2021, ch. 257, § 35, eff. Sep. 23, 2021; see former Pen. Code, § 1203.1c (Stats 2021, ch. 257, § 25), eff. Sept. 23, 2021, repealed Jan. 1, 2022.) According to the plain language of Government Code section 6111 and Penal Code section 1465.9, the unpaid balances—remaining as of July 1, 2021—of the booking and presentence incarceration cost fees must be vacated. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627.)

### III. DISPOSITION

Defendant's sentence is vacated, and this matter is remanded for resentencing.  At resentencing, the trial court shall consider whether to impose a lesser uncharged enhancement under section 12022.53 (*Tirado*, *supra*, 12 Cal.5th at pp. 696, 700) and exercise its discretion under Assembly Bills No. 124 and 518, and Senate Bill No. 567.  Any remaining unpaid balances, as of July 1, 2021, of the booking fee (former Gov. Code, § 29550) and the presentence incarceration cost fee (former Pen. Code, § 1203.1c) are vacated.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                            J.

We concur:


RAMIREZ
                    P. J.


MILLER
                    J.

8